SO ORDERED,
SIGNED _____

HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE



UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE: THOMAS ULMER                                          CASE NO. 15-30220

REASONS FOR ORDER ON MOTION FOR
EX PARTE APPROVAL OF ADMINISTRATIVE EXPENSES

Debtor filed the above-captioned petition under Chapter 13 on February 24, 2015. The Chapter 13 Plan and Attorney Fee Addendum filed therewith indicate debtor opted to submit to the Western District of Louisiana's district-wide Standing Order Regarding "No-Look" Fees made effective on September 20, 2013, selecting the "home mortgage" fee of $3,200. Debtor filed the instant Motion for Ex-Parte Approval of Administrative Expenses, seeking an Order approving the $3,200 Attorney fee contemplated by the Plan and Addendum and further authorizing the Chapter 13 to pay, to the extent possible, from the funds held by the Trustee, stating therein that "The debtor is *considering a dismissal or conversion* of this case." (Doc. #26.) The Motion alleges that debtor has paid a total of $2,421.61 to the Trustee. For the following reasons, the Motion is DENIED IN PART AS MOOT, DENIED IN PART, AND DISMISSED IN PART AS NOT RIPE.

*Further Approval of the Fee is Moot*

To the extent debtor's Motion seeks an Order approving the proposed attorney fee of $3,200, the Court finds this request is unnecessary. The Court interprets the filing of the attorney fee addendum as counsel's agreement to be bound by and request for payment to be made pursuant to the Standing Order Standing Order Regarding "No-Look" Fees made effective on September 20, 2013.[1] The Order authorized

---

[1] That Order provides in pertinent part: "No compensation provided for under the "no-look" fee procedure may be awarded pre-confirmation. In the event of the dismissal or conversion of any case prior to confirmation, counsel for debtor or the trustee may request that administrative expenses,

the amount proposed in the Chapter 13 Plan and Addendum, and no Objection to this fee was filed by any party. The Standing Order makes clear that debtors may either elect to pay counsel under the provisions of the Order's 'No-Look" guidelines, or the debtor may elect to have counsel file a formal Fee Application in accordance with 11 U.S.C. §330(a)(1)(B)(3), F.R.B.P. 2016 and LBR 2016-1, requiring a hearing. Debtor and his counsel having elected to agree to the fee guidelines set forth by the Standing Order, and no objections being raised thereto to date, such fee application in the form of this Motion is MOOT.

*Pre-authorization for the Chapter 13 Trustee to pay the fee on conversion is denied*

To the extent the Motion seeks pre-authorization for payment of administrative expenses pre-confirmation and in anticipation of conversion, that Motion is denied. *Harris v. Viegelahn*, — U.S. —, 135 S.Ct. 1829 (2015).

*Pre-authorization for the Chapter 13 Trustee to pay the fee on dismissal is not ripe*

To date, the case is still pending. No Motion to Dismiss has been filed, thus, that part of the Motion is dismissed as not ripe. No only is the request not ripe, it is superfluous. 11 U.S.C. §1326(a)(2) clearly states the Trustee is already authorized to disburse the payment on dismissal: "A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such plan payment in accordance with the plan as soon as is practicable. *If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).*" To the extent the opinion in *Harris v. Viegelahn, supra*, provoked further discussion as to its application in the context of the dismissal of a case under Chapter 13, this Court finds *Harris* applies only in the instance of conversion and does not abrogate 11 U.S.C. §1326(a)(2). *See also In re Downs*, 2009 WL 3448119 (Bankr. W.D.La. 2009).

## CONCLUSION

The Trustee must comply with *Harris v. Viegelahn, supra*, if the case is converted. If the case is dismissed the Trustee should comply with 11 U.S.C. §1326(a)(2) and the "no look" fee order. Nothing prohibits the trustee or any other party at interest from objecting to a presumptive fee request as set forth in the "no look" fee order. For the foregoing reasons, the Motion is Denied in part as moot, Denied in part and Dismissed as not ripe. A separate and conforming Order will be entered.

###

---

including compensation for a No-look" fee, not to exceed the sums set forth herein, be paid from funds held by the Chapter 13 Trustee in the debtor's case, if any."